```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANTHONY B. NELSON,                  :

                Plaintiff,          :    03 Civ. 4441 (GEL)(HBP)

    -against-                       :    MEMORANDUM OPINION
                                         AND ORDER
BEECHWOOD ORGANIZATION,             :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated October 6, 2005 (Docket Item 32), plaintiff moves for reconsideration of an unspecified discovery order. For the reasons stated below, the motion for reconsideration is denied.

Although plaintiff's motion for reconsideration does not identify the order to which t is directed, I assume that plaintiff is seeking reconsideration of my Order dated August 19, 2005 (Docket Item 31). In that Order, I denied plaintiff's motion to compel further answers to certain interrogatories, but expressly noted that he could serve further interrogatories to probe defendant's knowledge concerning certain subjects. In addition, my August 19, 2005 Order denied in part and granted in part plaintiff's motion to compel a further response to his document request.

Even if I overlook the fact that the motion for reconsideration, which was filed on October 2, 2005, is untimely,[1] the motion must be denied.

Motions for reconsideration are appropriate only in limited circumstances.

> Motions for reargument "are granted when new facts come to light or when it appears that controlling precedents were overlooked." Weissman v. Fruchtman, 658 F. Supp. 547 (S.D.N.Y. 1987). The proponent of such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use [Local Civil Rule 6.3] to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Lewis v. New York Telephone, No. 83 Civ. 7129, slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169 (S.D.N.Y. 1988).

McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp., 727 F. Supp. 833, 833 (S.D.N.Y. 1989).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." Am. Alliance Ins. Co. v. Eagle Ins. Co., 163 F.R.D. 211, 213 (S.D.N.Y. 1995), rev'd on other grounds, 92 F.3d 57 (2d Cir. 1996), citing Ameritrust Co., Nat'l Ass'n v.

---

[1] A motion for reconsideration must be made within ten (10) days of the docketing of the Order that is the subject of the motion. Local Civil Rule 6.3.

Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), aff'd sub nom., Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994); East Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y. 1992); B.N.E. Swedbank, S.A. v. Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991); Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985). Thus, "a party in its motion for reargument 'may not advance new facts, issues or arguments not previously presented to the court.'" In re Integrated Res. Real Estate Ltd P'ships Sec. Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1994), quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 86 Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4, 1989), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992). Accord Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991). See also Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994). A party should not use a motion for reconsideration "to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Plaintiff's motion fits none of the criteria of a proper motion for reconsideration. The affidavit in support of plaintiff's motion recounts some of the events that underlie

plaintiff's claims and describes a number of events that have taken place during the litigation. However, plaintiff nowhere explains why my August 19, 2005 Order is incorrect or identifies the controlling facts and law that I allegedly overlooked.

Since plaintiff has not shown an adequate basis for reconsidering my August 19, 2005 Order, his motion for reconsideration (Docket Item 32) is denied in all respects.

Dated: New York, New York
       February 22, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Anthony Nelson
12 B Broun Place
Bronx, New York 10475

Michael V. DeSantis, Esq.
Kaufman, Schneider & Bianco LLP
390 North Broadway
Jericho, New York 11753